# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| WALED NAIM KHADER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 4:11-cv-1273-KOB-PWG |
| ERIC HOLDER, United States ) | |
| Attorney General, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This is a action on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (*See* Doc.[1] 1-1).  The Petitioner, Waled Naim Khader, seeks review of the lawfulness of his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), pending deportation to Jordan.  On June 27, 2011, the magistrate judge entered a report and recommendation stating that, under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Petitioner is due to be released under an order of supervision pending receipt of travel documents.  (Doc. 9).  On July 6, 2011, respondents have filed a motion to dismiss the action as moot because Petitioner has been released under an order of supervision.  (Doc. 10).  Upon consideration, the court finds that the respondents' motion is due to be granted and that the petition is due to be dismissed as moot.

---

[1]   References herein to "Doc. __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in this matter.

In support of their motion to dismiss, the respondents have filed a copy of an unsworn declaration made pursuant to 28 U.S.C. § 1746 by a Deportation Officer stating that the petitioner was released on July 1, 2011 on an order of supervision. (Doc. 10-1). Thus, his petition seeking that very relief is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once a habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine). Accordingly, this matter is due to be dismissed. *See Murphy v. Holder*, 2010 WL 1994179 (N.D. Fla. April 13, 2010); *Subrun v. Holder*, 2009 WL 3568670 (S.D. Fla. Oct. 30, 2009); *Dong v. Holder*, 2009 WL 2987418 (S.D. Ala. Sept. 9, 2009). A separate order will be entered.

**DONE** and **ORDERED** this 7th day of July, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE